UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EFRAIM NISSIM,<br><br>Petitioner,<br><br>v.<br><br>WARDEN RON CHARLES, et al.,<br><br>Respondent. | Civil Action No. 23-22992 (MCA)<br><br>MEMORANDUM & ORDER |

*Pro se* Petitioner Efraim Nissim, a pretrial detainee at Essex County Jail, seeks to bring a habeas petition pursuant to 28 U.S.C. § 2241. (ECF No. 1.) At this time, the Court grants Petitioner's IFP application. (ECF No. 1-2.) Federal district courts are required under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to the answer when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining habeas petitions may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief"). For the reasons explained herein, the Court declines to exercise pretrial habeas jurisdiction and dismisses the Petition without prejudice.

Petitioner is a state pretrial detainee who is incarcerated on undisclosed charges. Petitioner alleges that his detention for more than eight months violates his speedy trial rights, that a final restraining order may not be issued against a California resident, and that the delay in his arrest and indictment has led to the loss of evidence, which violates his due process rights. (ECF No. 1 at 7-8.) It appears that Petitioner appealed the denial of bail to the New Jersey

1

Appellate Division (ECF No. 1 at 3), but he has not exhausted the claims he seeks to bring in his Petition. Petitioner seeks immediate release and dismissal of the charges against him. (*Id.* at 8.)

Section 2241 authorizes a federal court to issue a writ of habeas corpus to a pre-trial detainee who "'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Moore v. De Young*, 515 F.2d 437, 442 n.5 (3d Cir. 1975) (quoting 28 U.S.C. § 2241). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) (quoting *Moore*, 515 F.2d at 445–46). In considering whether a federal court should ever grant a writ of habeas corpus to a state pre-trial detainee, the Third Circuit has held

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
>
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present;
>
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication <u>and</u> has exhausted state remedies.

*Moore*, 515 F.2d at 443 (emphasis added).

Here, it appears that Petitioner has not exhausted his state court remedies for any of the claim in his pretrial habeas. "'[T]he practice of exercising [federal habeas] power before the question has been raised or determined in the state court is one which ought not to be encouraged.'" *Id.* 515 F.2d at 442 (quoting *Cook v. Hart*, 146 U.S. 183, 195 (1892)). "The state courts are equally responsible for 'protecting the accused in the enjoyment of his [federal] constitutional rights,' and 'comity demands that the state courts, under whose process he is held ... should be appealed to in the first instance.'" *Williams v. New Jersey*, No. 16-3195, 2017 WL 680296, at *2 (D.N.J. Feb. 21, 2017) (quoting *Moore*, 515 F.2d at 442-43 (alteration and

2

omission in original)). Because Petitioner has not exhausted his claims in state court and has not alleged any extraordinary circumstances, the Court will not exercise its pre-trial habeas jurisdiction.[1] For these reasons, the Court declines to exercise pretrial habeas jurisdiction and dismisses the Petition without prejudice.

**THEREFORE**, it is on this ___ day of _____ 2025,

**ORDERED** that Petitioner's IFP application (ECF No. 1-2) is GRANTED; and it is further

**ORDERED** that the Court declines to exercise pretrial habeas jurisdiction and the Petition is dismissed WITHOUT PREJUDICE under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b); and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum & Order to Petitioner by regular U.S. mail and CLOSE this case accordingly.

Madeline Cox Arleo
United States District Judge

---

[1] Petitioner alleges in passing in the relief section that he is not receiving "proper medical treatment" in jail and has been shackled to other inmates at court appearances. (ECF No. 1 at 8.) These allegations do not amount to extraordinary circumstances. And although the Court does not construe Plaintiff to seek relief pursuant to 42 U.S.C. § 1983, nothing in this Memorandum and Order prevents Petitioner from filing a new civil rights action regarding any allegedly unconstitutional conditions of confinement, along with the proper filing fee or an application to proceed *in forma pauperis*.